IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BILLIE EARL JOHNSON | § | |
| | § | CIVIL ACTION NO. 6:22cv179 |
| VS. | | CRIM. NO. 6:12cr88 |
| | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Movant Billie Earl Johnson, a federal prisoner proceeding *pro se*, brings this motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for disposition of the case.

For reasons explained below, the Court recommends that the motion be denied, the case be dismissed with prejudice, and that Petitioner be denied a certificate of appealability *sua sponte*.

## I. Procedural History and Factual Background

Petitioner pleaded guilty pursuant to a plea agreement on August 27, 2013, to one count of violating 21 U.S.C. § 846 by conspiracy to possess with intent to distribute and distribution of more than 500 grams of methamphetamine or 50 grams of methamphetamine. *United States v. Johnson*, No. 6:12-cr-00088 (E.D. Tex. Aug. 27, 2013) ("Crim. Dkt." #99). The agreement provided that the Court would impose sentence after consideration of the applicable advisory guidelines and that the possible statutory sentence range was ten years to life. (*Id.* at 2.) The agreement reserved for Petitioner the right to appeal a sentence above the statutory maximum and

to raise any claim of ineffective assistance of counsel that affected the validity of the waiver or plea, but otherwise provided that:

> [T]he defendant expressly waives the right to appeal the conviction and sentence in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine and/or restitution or forfeiture in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255.

(Crim. Dkt. #99 at 6.)

The final presentence report indicated that Petitioner was categorized as a career offender based on his previous convictions for burglary of a habitation and aggravated assault with a deadly weapon. (Crim. Dkt. #124 at 8.) The probation officer calculated the guideline sentence range to be 262 to 327 months, based on Petitioner's total offense level of 34 and his criminal history category of VI. (*Id.* at 25.) On September 24, 2014, the Court departed downward from the guidelines and sentenced Petitioner to 180 months in prison. (Crim. Dkt. #140 at 2.)

Petitioner filed a direct appeal, which was dismissed as frivolous by the United States Court of Appeals for the Fifth Circuit. (Crim. Dkt. #190.) He filed multiple motions to reduce his sentence pursuant to 18 U.S.C. § 3582, for compassionate release, for reduction of sentence under the First Step Act, or other early release, which were all denied. (Crim. Dkt. ##165, 174, 189, 230, 231, 235, 236, 247, 255.) The Fifth Circuit affirmed the denial of relief under Section 3582. (Crim. Dkt. #254.)

On April 19, 2022, Petitioner filed in his criminal case a "motion pursuant to Title 28 U.S.C. § 2255 to modify sentence based on recent United States Supreme Court decision," specifically *United States v. Borden*, 141 S. Ct. 1817 (2021). (Crim. Dkt. #257.) The Court ordered that the motion be severed into a separate civil action under Section 2255 and that Petitioner file an amended motion on the standard form. (Crim. Dkt. #258.) Petitioner filed his amended motion

on May 27, 2022, the government responded on July 22, 2022,[1] and Petitioner filed a reply on August 15, 2022. (Dkt. ##3, 7, 10.) The amended motion is now ripe for consideration.

## II. Petitioner's Claim

Petitioner asserts a single claim in his amended motion: pursuant to *United States v. Borden*, 141 S. Ct. 1817 (2021), his past conviction for aggravated assault with a deadly weapon does not constitute a violent crime for the purposes of categorizing him as a career offender. (Dkt. #3 a 4.) The government acknowledges that this claim, filed within a year of the *Borden* decision, is timely. (Dkt. #7 at 1.)

## III. Legal Standards

### A. Federal Habeas Corpus Proceedings

Section 2255 is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). Section 2255 "provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is subject to collateral attack." *U.S. v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1999) (citing *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994)).

In other words, cognizable claims within a section 2255 motion are narrow; the movant may not present a generalized, broad attack challenging the legality of his or her conviction and, importantly, non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in section 2255 proceedings—absent a showing of cause for the procedural

---

[1] The government's response was demonstrably unfinished and included potentially sensitive information that was under seal in Petitioner's criminal case. (*See* Dkt. #12.) Accordingly, it was ordered to file a redacted version of its response within thirty days of the Court's September 12, 2022 order. (*Id.*) The government has failed to comply with that order.

default and actual prejudice ensuing from the error. *United States v. Shaid*, 936 F.2d 228, 232 (5th Cir. 1991); *see also Villasenor-Cruz v. United States*, 2017 WL 6627045 (E.D. Tex.—Sherman, Oct. 3, 2017) (same).

*B. Guilty Pleas*

A guilty plea will be upheld on habeas review if the plea was entered into knowingly, voluntarily, and intelligently. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). Whether a plea is knowing turns on whether the defendant understood the consequences of his plea; the defendant must have a full understanding of "what the plea connotes and of its consequences." *Id*. at 255. A defendant need only understand the direct consequences of the plea, and need not be made aware of every consequence that—absent the guilty plea—would not otherwise occur. *Id*. The consequences of a guilty plea, with respect to sentencing, means that the defendant must know the maximum prison term and the fine for the charged offense. *See United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996).

With respect to voluntariness, the question becomes whether the plea was induced by threats or improper promises. *Id*.; *see also U.S. v. Nunez*, 539 F. App'x 502, 503 (5th Cir. 2013) ("Whether a plea is knowing looks to whether the defendant understands the direct consequences of his plea, while voluntariness looks to, inter alia, whether the plea was induced by threats or improper promises.").

Firm declarations in open court—including a plea colloquy—carry a strong presumption of verity. *See United States v. Perez*, 690 F. App'x 191, 192 (5th Cir. 2017) (Mem.) ("A defendant's solemn declarations in open court carry a strong presumption of truth.") (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). As a result, the movant faces the heavy burden of proving that she is entitled to relief through overcoming the evidence of her own words. *DeVille*

4

*v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994); *see also United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986) (holding that there must be independent indicia of the likely merit of the petitioner's contentions; mere contradiction of the statements made at the guilty plea proceeding will not suffice).

Furthermore, the Fifth Circuit has held that an ineffective assistance claim will survive an appeal waiver where the alleged ineffectiveness directly affects the validity of the waiver or of the plea itself.  *See United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) ("We also note that a defendant may always avoid a waiver on the limited grounds that the waiver of appeal itself was tainted by the ineffective assistance of counsel.").

**IV. Discussion and Analysis**

The government concedes that Petitioner's aggravated assault conviction no longer qualifies as a crime of violence after *Borden*. (Dkt. #7 at 5.) Petitioner's Section 2255 motion should nevertheless be denied.

As mentioned above, Petitioner's plea agreement contains a "Waiver of Right to Appeal or Otherwise Challenge Sentence." The waiver reads specifically as follows:

> Except as otherwise provided in this paragraph, the defendant expressly waives the right to appeal the conviction and sentence in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine and/or order of restitution or forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver or plea itself.

(Crim. Dkt. #99 at 6.) This waiver on its face expressly precludes Petitioner's Section 2255 *Borden* claim.

Petitioner argues in reply that no reasonable defendant would anticipate that the waiver he signed would waive claims based on future changes in the law and that, to the effect his waiver is

construed to do so, it was not knowing and voluntary. (Dkt. #10 at 1–2.) But the law does not support Petitioner's position.

In accepting Petitioner's plea, the Court found that he fully understood the terms of the plea agreement and his rights, that he wished to waive those rights, and that his plea was free and voluntary. (Crim. Dkt. ##103, 106.) When "the government timely seeks enforcement of the collateral review waiver, and the plain language of the collateral review waiver applies, the Court must enforce the waiver as written." *United States v. Jones*, No. CR 09-0398, 2022 WL 3646064, at *3 (E.D. La. Aug. 24, 2022) (citing *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020)). The Fifth Circuit has repeatedly held that this applies equally to a collateral challenge based on a right that was unknown at the time of the waiver. *See Barnes*, 953 F.3d at 386–387 (finding petitioner's "contention that he couldn't have waived a right that was unknown at the time of his waiver is foreclosed by *United States v. Creadell Burns*, 433 F.3d 442 (5th Cir. 2005)). In finding a collateral-review waiver to bar a petitioner's Section 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which was decided two years after his guilty plea and waiver, the court explained:

> At base, [petitioner] needn't have understood all the possible eventualities that could, in the future, have allowed him to challenge his conviction or sentence. His waiver only needed to be "knowing," not "all-knowing." When [petitioner] waived his right to post-conviction review, he was aware of the right that he was giving up. By doing so, "he assumed the risk that he would be denied the benefit of future legal developments."

*Barnes*, 953 F.3d at 388 (quoting *United States v. Morrison*, 852 F.3d 488, 491 (6th Cir. 2017)). Accordingly, the Section 2255 *Borden* petition of another inmate in this Circuit has been found to be barred by the petitioner's collateral-review waiver. *McKenzie v. McConnell*, No. 1:21-CV-04393, 2022 WL 1512189, at *2 (W.D. La. Apr. 25, 2022), *report and recommendation adopted*, No. 1:21-CV-04393, 2022 WL 1511747 (W.D. La. May 12, 2022).

More recently, the Fifth Circuit held that it was reversible error for a district court to grant relief on a Section 2255 claim based on a recent change in sentencing caselaw despite a prior waiver:

> [Petitioner] does not dispute that he waived the right to bring a collateral challenge as part of his plea agreement. Yet the district court nevertheless granted relief, theorizing that his plea waiver did not bar a collateral attack predicated on a subsequent change in law.
>
> As five Supreme Court justices recently reaffirmed, however, plea waivers such as the one entered here "preclude[ ] any argument based on the new caselaw." *Grzegorczyk v. United States*, 142 S. Ct. 2580, 2022 WL 2347941 (2022) (Kavanaugh, J., respecting the denial of certiorari). *See also Grzegorczyk v. United States*, 997 F.3d 743 (7th Cir. 2021), *cert. denied*, 142 S.Ct. 2580 (2022).

*United States v. Caldwell*, 38 F.4th 1161, 1162 (5th Cir. 2022) (per curiam).

Petitioner argues that it would be a miscarriage of justice to enforce his waiver in this case. (Dkt. #10 at 4.)  He calculates that the Court imposed a sentence 31% lower than the low end of his presumed guidelines range at sentencing and asserts that "[i]t is reasonable and logical to infer that the court would have imposed a similar departure" from the proper range. (*Id.*) Because his guidelines range post-*Borden* would be 188 to 235 months, Petitioner surmises that the Court would have departed downward to impose a sentence of 129 months. (*Id.*) But sheer conjecture of that sort cannot establish a miscarriage of justice. In departing from the guidelines, which are merely advisory in nature, the Court imposed a sentence that it deemed appropriate in light of Petitioner's offense, his lengthy criminal history, and other appropriate factors. That sentence is well within the statutory range and is at the low end of what Petitioner claims would be his guidelines range under current law. Such a sentence does not represent a miscarriage of justice.

## V. Conclusion

Petitioner's challenge to his sentence in this case is barred by the express collateral-review waiver in his plea agreement. Accordingly, his section 2255 motion should be denied on that basis, and the Court need not consider the government's other asserted bases for denial.

## VI. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a Section 2255 proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (explaining that a district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the movant need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the [movant] seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural

ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, jurists of reason could not disagree that Petitioner's claim is barred by his collateral-review waiver. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

It is therefore recommended that the above-styled section 2255 motion be denied, the case be dismissed with prejudice, and that Movant be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 8th day of June, 2023.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE