IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **BILLIE EARL JOHNSON,** | § | |
| **Petitioner** | § § § | |
| **v.** | § § | **Case No. 6:22-cv-179-RWS-KNM** |
| **UNITED STATES OF AMERICA,** | § § | |
| **Respondent.** | § § § | |

## <u>ORDER OF DISMISSAL</u>

Petitioner Billie Earl Johnson, a federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. Docket No. 1. The motion was severed from Petitioner's criminal action and re-docketed as the initial pleading in this civil case, which was referred to the United States Magistrate Judge. Petitioner filed an amended motion as ordered by the Court, to which the government has responded. Docket Nos. 3, 7.

On June 8, 2023, the Magistrate Judge issued a report recommending that the motion be denied and this case be dismissed with prejudice on the basis that it is barred by the collateral-review waiver Petitioner entered as part of his plea deal. Docket No. 16. Specifically, the Magistrate Judge found that Petitioner's reliance on the Supreme Court's decision in *United States v. Borden*, 141 S. Ct. 1817 (2021), is foreclosed by that waiver, even though Petitioner entered his waiver before *Borden* was decided. Docket No. 16 at 5–7. The Magistrate Judge further found that enforcing the waiver in this case does not amount to a miscarriage of justice against Petitioner, whose sentence is well within the statutory range and at the low end of the guidelines range for which he claims entitlement under *Borden*. *Id.* at 7.

And finally, the Magistrate Judge recommended that a certificate of appealability be denied *sua sponte*, because no reasonable jurist could debate whether Petitioner's motion was waived. *Id.* at 8–9.

Plaintiff filed written objections to the Magistrate Judge's Report. Docket No. 18. He asserts that "a plea agreement does not foreclose action from a defendant when substantial constitutional issues exist." *Id.* at 1–3. But *Borden* concerned the statutory interpretation of the term "violent felony" as used in The Armed Career Criminal Act, 18 U.S.C. § 924(e). *See Borden*, 141 S. Ct. at 1821–22 ("The question here is whether a criminal offense can count as a 'violent felony' if it requires only a *mens rea* of recklessness—a less culpable mental state than purpose or knowledge."). It does not call the constitutionality of Petitioner's conviction or sentence into question.

The remainder of Petitioner's objections are devoted to arguing that his waiver does not bar his motion because "there was no reasonable thought process that would have anticipate[d] the changes brought forth in *Borden*." Docket No. 18 at 3. But none of the law on which he relies is on point, and for the reasons explained by the Magistrate Judge, the applicable law is clear that his motion is foreclosed. *See* Docket No. 16 at 6–7.

The Court has conducted a careful *de novo* review of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the

Magistrate Judge (Docket No. 16) is **ADOPTED** as the opinion of the District Court. It is

further

　　　**ORDERED** that the above-captioned civil action is **DISMISSED WITH**

**PREJUDICE** on the basis that it is barred by the collateral-review waiver in Plaintiff's plea

agreement. It is further

　　　**ORDERED** that a certificate of appealability is **DENIED**.

　A final judgment will be entered in this case in accordance with this Order.

　　**So ORDERED and SIGNED this 14th day of August, 2023.**


　　　　　　　　　　　　　　　　ROBERT W. SCHROEDER III
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE